# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE L. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 09-2302-CV-FJG |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 3). Together with plaintiff's motion is plaintiff's Motion for Appointment of Counsel (Doc. No. 4) and Affidavit of Financial Status (Doc. No. 5).

**I.   Application for Leave to File Action without Payment of Fees (Doc. No. 3)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

A review of plaintiff's affidavit reveals that he is sufficiently impoverished to qualify under § 1915. However, the Court's inquiry does not end with a finding of sufficient impoverishment. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the present matter, plaintiff has named as defendant the United States of America. Defendant's statement of claim (Doc. No. 1, ¶ III) is that "Federal Judges for the United States of America failed to comply with the Fair Housing Act and Falsely accused me of violating Fair Housing Laws." In the paragraph entitled Relief (Doc. No. 1, ¶ IV), plaintiff requests $2,000,000.00 in punitive damages. Plaintiff claims money damages for

loss of Security Deposit $150.00, loss of Property $3,000 from Storage, Storage Cost $900.00, loss of Utility Allowance $150 and moving fees $150.  Doc. No. 1, ¶ VII.  Plaintiff indicates his claims have been presented through administrative procedures in a Housing Discrimination Complaint filed with H.U.D. on June 25, 2007.  Doc. No. 1, ¶ VIII.B.

Plaintiff indicates in his complaint that there is no related litigation to the present matter.  Doc. No. 1, ¶ IX.  However, in his civil cover sheet (Doc. No. 2), plaintiff indicates this case is related to Case No. 08-2425-CM-DJW.  Furthermore, in his supplement to the Complaint (Doc. No. 6), plaintiff complains about the actions of Judges "James P. O'Hara, Julie A. Robinson, Mary Beck Briscoe, Stephanie K. Seymour, Stephan [sic] Anderson, Michael R. Murphy, Wade Brorby, and [Timothy M.] Tymkovich."  Plaintiff complains mostly about the actions of O'Hara and Robinson, saying, "In all my cases that these two Judges have handled, I have never known them to do anything right.  They are always agitating and never give me any respect."  See Doc. No. 6, p. 4.  Defendant also alleges that all the judges except for Judge O'Hara have falsely accused him of having a drug arrest at his Section 8 residence; plaintiff says this is defamation of character.  All the actions of the judges that plaintiff complains of appear to be contained in their orders in Case No. 04-4086 and Case No. 04-4069 and its related appeals (Tenth Circuit Case Nos. 04-3448, 06-3373, and 07-3348).

On June 12, 2009, plaintiff was ordered by Judge K. Gary Sebelius to show cause on or before July 3, 2009, why his case should not be dismissed for failure to state a claim upon which relief may be granted.  See Doc. No. 7.  On June 18, 2009, plaintiff filed a response to the order to show cause.  See Doc. No. 8.  In this response, plaintiff indicates that he is suing the United States for: (1) violations under Section 818 of the Fair Housing

Act; (2) Interference; (3) Intimidation; (4) Coercion; (5) Harassment; (6) Non-compliance; (7) defamation of character; and (8) fraud. Plaintiff says all are violations of the U.S. Constitution. Plaintiff then re-states the facts from his underlying lawsuits, Case Nos. 04-4069 and 04-4086, in which Judge Robinson dismissed plaintiff's cases.[1] Plaintiff argues that the judges "lied and said there was a drug arrest at my Section 8 residence."[2] Plaintiff

---

[1] Case No. 04-4069 was against the Topeka Housing Authority; Case No. 04-4086 was against Oakwood Manor Apartments. While plaintiff was living in Oakwood Manor Apartments with his son, Michael, and where he relied on a Section 8 voucher for his monthly rent payment, his son Michael was arrested and charged with drug possession, failure to pay a drug tax, possession of drug paraphernalia and obstruction of justice. Due to plaintiff's son's arrest, the Topeka Housing Authority terminated plaintiff's Section 8 benefits. Plaintiff's rent payments to Oakwood Manor then lapsed, and plaintiff was evicted.

In the case against the Topeka Housing Authority, Judge Robinson found that termination of Section 8 benefits was not arbitrary and capricious, and instead was consistent with federal housing regulations. She further found that plaintiff's complaint that defendant terminated his Section 8 benefits because of previously-filed complaints of housing discrimination failed, in that plaintiff failed to state in his complaint that he is a member of any protected class mentioned in the FHA. Judge Robinson's order was affirmed on appeal (see Doc. No. 36, dated May 25, 2005, Case No. 04-4069). On October 11, 2006, plaintiff filed a motion to reopen the case, which was denied on October 18, 2006. Doc. Nos. 37 and 38. Plaintiff then appealed Judge Robinson's Order denying the motion to reopen. Judge Robinson's order was affirmed on appeal (see Doc. No. 48, dated June 21, 2007). On November 2, 2007, plaintiff filed yet again another motion to reopen the case, which was denied on November 26, 2007 (Doc. Nos. 49 and 50). Plaintiff again appealed Judge Robinson's decision; that appeal was dismissed on June 24, 2008 (see Doc. No. 62). The panel on the 10th Circuit that issued the June 24, 2008 Order cautioned Mr. Kelly that further frivolous appellate filings in this matter could subject him to filing restrictions or other sanctions.

In the case against Oakwood Manor Apartments, plaintiff's complaint was dismissed for insufficiency of service of process. See Case No. 04-4086, Doc. Nos. 8 and 9. Plaintiff did not appeal this dismissal.

[2] This appears to be inaccurate; upon review of the records in Case Nos. 04-4069 and 04-4086, there is no indication that the judges found that the drug arrest took place at plaintiff's residence.

alleges that the Topeka Housing Authority and Manor Apartments are both "lying and cannot prove their charges in a Court of Law.  This is Unconstitutionality under the U.S. Constitution Bill of Rights."  Plaintiff alleges that the Topeka Housing Authority and Manor Apartments got "secret help" from HUD Civil Rights Analyst Lafeyette Lockhart, arguing that Mr. Lockhart conducted a secret investigation of his HUD complaints.  Plaintiff says there was a conspiracy between the Housing authority, the apartments, the federal judges, and HUD.

After a review of plaintiff's proposed complaint as well as plaintiff's filing history, it is clear that plaintiff's case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against the United States are for the actions of Judges O'Hara, Robinson, Briscoe, Seymour, Anderson, Murphy, Brorby, and Tymkovich.  These claims are barred by judicial immunity.  It is an established principle that a judicial officer is generally immune from suit for money damages.   Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Roemer v. Crow, 993 F.Supp. 834, 836 (D.Kan.1998).  There are only two exceptions to this rule. First, a judge may be held liable for nonjudicial actions, Mireles, 502 U.S. at 11;  and second, a judge may be held liable for actions taken "in the complete absence of jurisdiction." Id. at 12.  Additionally, "judicial immunity is not overcome by allegations of bad faith or malice." Id. at 11.  Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity.  Stump v. Sparkman, 435 U.S. 349, 363 (1978).

In the present matter, the claims against the various judges all appear to fall within the doctrine of judicial immunity.  Plaintiff does not make any claims that the actions taken by the judges were "nonjudicial"; in fact, all of plaintiff's claims stem from orders entered by the various judges in Case No. 04-4086 and Case No. 04-4069 and its related appeals. Plaintiff is undoubtedly complaining regarding judicial action.  Further, orders entered by

the various judges were not taken in the complete absence of jurisdiction. Therefore, plaintiff's claims as stated in his complaint are barred.[3]

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 3) is **DENIED.**

## II.     Motion to Appoint Counsel (Doc. No. 4)

Plaintiff has requested appointment of counsel. As the Court has found that plaintiff's proposed complaint is frivolous, plaintiff's motion for appointment of counsel (Doc. No. 4) will be **DENIED**.

## III.    Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 4) is **DENIED**; and

3. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Lawrence L. Kelly
5557 Santa Fe Drive
Overland Park, KS 66202

**IT IS SO ORDERED.**

Date:  08/25/09                                         **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                             Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge

---

[3]Further, to the extent that plaintiff may be seeking equitable relief from the United States in the form of an injunction or a declaratory judgment, the Court notes that equitable relief is available only in the absence of adequate remedies at law. Switzer v. Coan, 261 F.3d 985, 991 (10th Cir. 2001). As the District Court's and Circuit Court's rulings in the previous cases could have been challenged on appeal or through an extraordinary writ, the type of equitable relief plaintiff may be seeking in the present matter is unavailable as a matter of law. Id.